RECORD NO. 13-1642

In The
# United States Court Of Appeals
## For The Fourth Circuit

# BETTY W. HART,
*Plaintiff - Appellant,*

v.

# HANOVER COUNTY SCHOOL BOARD; MICHAEL R. ASHBY, SR.,
*Defendants – Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND

_____

**BRIEF OF APPELLANT**
_____

**David R. Simonsen, Jr.**
ATTORNEY AT LAW
**8003 Franklin Farms Drive
Suite 131
Richmond, VA  23229
(804) 285-1337**

*Counsel for Appellant*

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __13-1642__      Caption: __Betty W. Hart v. Hanover County School Board v Michael R. Ashby, Sr.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Betty W. Hart__
(name of party/amicus)

who is __Appellant__, makes the following disclosure:
    (appellant/appellee/amicus)

1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?   ☐ YES ☑ NO
   If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?   ☐ YES ☑ NO
   If yes, identify all such owners:

- 1 -

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding?  ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: s/David R. Simonsen, Jr.                                    Date: May 26, 2013

Counsel for: Appellant Betty W. Hart

## CERTIFICATE OF SERVICE
**************************

I certify that on May 26, 2013 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

s/David R. Simonsen, Jr.                                              May 26, 2013
(signature)                                                              (date)

07/19/2012
SCC

- 2 -

**TABLE OF CONTENTS**

                                                                                                                    **Page**

Table of Contents...........................................................i

Table of Authorities.......................................................ii

A.    Jurisdictional Statement...........................................1

B.    Issues Presented for Review........................................2

C.    Statement of the Case..............................................2

        1.    Nature of the Case.............................................2

        2.    Course of Proceedings and Disposition Below....................2

D.    Statement of the Facts.............................................3

E.    Summary of the Argument............................................6

F.    Argument...........................................................7

        Standard of Review.................................................7

        1.    The District Court erred when holding that Hart's First Amended Complaint failed to state a claim for unlawful retaliatory discharge under the FLSA.........................................7

        2.    The District Court erred when refusing to grant Hart leave to file her First Amended Complaint on the ground that the filing would be futile....................................................9

G.    Conclusion.........................................................9

H.    Request for Oral Argument..........................................9

I.    Certificate of Compliance

J.    Certificate of Filing and Service

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**:

*Lettieri v. Equant Inc.*,
    478 F.3d 640 (4th Cir. 2007)...............................8

*Mayfield v. NASCAR*,
    674 F.3d 369 (4th Cir. 2012)...............................7

*Spaulding v. Wells Fargo Bank, N.A.*,
    714 F.3d 769 (4th Cir. 2013)...............................8

*Vitol v. Primerose Shipping Co.*,
    708 F.3d 527 (4th Cir. 1013)...............................7

**STATUTES**:

28 U.S.C. § 1291............................................2

28 U.S.C. § 1331............................................1

Fair Labor Standards Act:

    29 U.S.C. §§ 201 *et seq*....................................1

    29 U.S.C. § 215(a)(3)..............................1, 2, 5, 7

    29 U.S.C. § 216(b)..........................................1

**RULES**:

Federal Rules of Civil Procedure:

    Rule 12(b)(6).............................................2, 7

    Rule 15(a)(2)...............................................7

    Rule 59(e).................................................3

## A. Jurisdictional Statement

1. <u>Original Jurisdiction in the District Court</u>: Plaintiff-appellant Betty W. Hart ("Hart") alleges that defendant-appellee Hanover County School Board ("School Board") and defendant-appellee Michael R. Ashby, Sr. ("Ashby") (jointly referred to as "Defendants") unlawfully suspended and terminated her employment in retaliation for her activity protected under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, in violation of § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

The District Court had original jurisdiction of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. <u>Appellate Jurisdiction in this Court</u>: On Hart's prior appeal to this Court, this Court vacated in part the District Court's dismissal of this action and directed the District Court to consider whether Hart should be given leave to file her First Amended Complaint. *See* Mem. Op.[1] at 1, JA[2] at 23.

On remand, the District Court denied Hart's motion for leave to file her First Amended Complaint and dismissed this action, holding that the filing would be futile because Hart's First Amended Complaint failed to state a claim upon which relief can be granted. Mem. Op. at 6, JA at 28. The District Court entered its

---

[1] The District Court's Memorandum Opinion, filed on May 2, 2013, is cited in this Opening Brief as "Mem. Op. at ___."

[2] The Joint Appendix is cited in this Opening Brief as "JA at ___."

- 1 -

Final Order of dismissal on May 2, 2013. JA at 31. Hart filed her timely notice of appeal from the District Court's Final Order on May 14, 2013. JA at 33-34.

This Court has jurisdiction of this appeal pursuant to 28 U.S.C. § 1291.

### B.  Issues Presented for Review

1. Did the District Court err when holding that Hart's First Amended Complaint failed to state a claim for unlawful retaliatory discharge under the FLSA?

2. Did the District Court err when refusing to grant Hart leave to file her First Amended Complaint on the ground that the filing would be futile?

### C.  Statement of the Case

#### 1.  Nature of the Case

Defendants employed Hart as a school bus driver. In violation of § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), Defendants suspended and discharged Hart because of her ringleader role in a prior lawsuit under the FLSA and her continuing disagreement with Defendants about what was compensable work time.

#### 2.  Course of Proceedings and Disposition Below

Hart's original complaint alleged that her suspension and discharge were unlawful retaliation because of her role in a prior FLSA lawsuit, in violation of § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants filed a motion to dismiss Hart's original complaint for failure to state a claim upon which relief can be granted. On February 11, 2011, the District Court granted the

motion, holding that there was no factual allegation of causation and therefore Hart's complaint failed to state a claim. No leave to amend was granted. Hart filed a motion to alter or amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and a motion for leave to file an amended complaint. In its final order entered May 9, 2011, the District Court denied Hart's motion to alter or amend and dismissed as moot Hart's motion for leave to file her First Amended Complaint. Hart appealed to this Court. On her appeal, this Court affirmed the District Court's dismissal of Hart's original complaint but vacated the District Court's refusal to consider Hart's First Amended Complaint. This Court directed the District Court to consider whether it should grant Hart's motion for leave to file her First Amended Complaint.

On remand, the District Court held that Hart's First Amended Complaint failed to state a claim upon which relief can be granted, denied Hart's motion for leave to amend on the ground that it would be futile, and dismissed this action. Hart filed a timely appeal to this Court.

### D.  Statement of the Facts

The School Board employed Hart as a school bus driver for more than ten years before her suspension and discharge in 2010; Ashby was her department manager. Comp.[3] at ¶¶ 7, 10; JA at 14-15.

---

[3] Hart's First Amended Complaint is cited in this Opening Brief as "Comp. at ____."

- 3 -

In 2005, Hart and other school bus drivers filed a collective action under the FLSA, alleging, *inter alia*, the improper calculation of compensable work time, unpaid overtime compensation, and retaliation for prior protected activity ("Prior FLSA Lawsuit"). Comp. at ¶¶ 11-13; JA at 15-16.

Hart was a named plaintiff and a known ringleader of the plaintiffs in the Prior FLSA Lawsuit. Comp. at ¶ 12; JA at 15  The Prior FLSA Lawsuit settled in February 2009 without resolving all of the compensable work time issues in dispute between Hart and Defendants. Comp. at ¶¶ 13, 17; JA at 16-17. Even after the end of the Prior FLSA Lawsuit, through the end of Hart's employment with Defendants, Hart and Defendants continued to dispute whether the time **between** the last child exiting the bus at the end of a run **and** the parking of the bus was compensable work time. *Id.*

In July 2010, Defendants first suspended and then, effective on September 24, 2010, discharged Hart in retaliation for her protected activity in Prior FLSA Litigation and her continuing dispute with Defendants with regard to whether time that Hart spent on the school bus after the last child exited the bus was compensable work time. Comp. at 1, 17-20, 31; JA at 13, 17, 19. Defendants' stated reason for Hart's suspension and discharge was that Hart had violated a rule or "specific procedure" requiring a post-trip inspection of the bus immediately after the last child exited the bus at a school. Comp. at ¶ 21; JA 17. Defendants' stated reason for Hart's suspension and discharge was knowingly

- 4 -

false; Defendants knew that Hart had not violated and could not have violated any rule requiring an immediate post-trip inspection of the bus after the last student had exited the bus. Comp. at ¶¶ 22-26; JA at 18. The rule which Defendants claimed Hart had violated did not exist. Comp. at ¶¶ 25-26; JA at 18. Only after suspending Hart did Defendants establish the rule which Defendants claimed that Hart had violated and on which Defendants based Hart's suspension and termination. Comp. at ¶ 30; JA at 19.

Before her suspension and termination, Hart was performing post-trip inspections on her school bus exactly as other school bus drivers performed post-trip inspections; that is, Hart performed a post-trip inspection after leaving the place at which the last child had exited the bus. Comp. ¶ 27; JA at 18-19. No other school bus drivers suffered any discipline because of their conduct identical to Hart's conduct for which Defendants claimed to have suspended and terminated Hart. Comp. at ¶¶ 28-29; JA at 19. The only discernible difference between Hart and the other drivers is that the other school bus drivers doing exactly as Hart was doing had not been a ringleader in the Prior FLSA Lawsuit and had not engaged in protected activity as had Hart. Comp. at ¶ 12, 28-29; JA at 15, 19.

Defendants suspended and discharged Hart in unlawful retaliation for her lead role in the Prior FLSA Lawsuit and continuing contentions about what was compensable work time, in

- 5 -

violation of § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).  Comp. at ¶ 31, JA at 19.

### E. Summary of the Argument

Seventeen months after the end of four years of litigation in which Hart was a ringleader, and which had not resolved all of the disputed compensable time issues between Hart and Defendants, Defendants suspended and discharged Hart for the alleged violation of a rule that did not exist.  In fact, Hart did not violate any rule.  At the same time as Hart's alleged violation of a non-existent rule, other school bus drivers in Defendants' employ were doing exactly as Hart was doing.  Yet, no other driver suffered any discipline of any kind because of conduct exactly the same as Hart's conduct.  The only relevant difference between Hart and the other drivers was that Hart had been a leader of the Prior FLSA Litigation, a ringleader.

Given these facts as alleged in her First Amended Complaint, the District Court erred when holding that Hart's First "Amended Complaint does not allege sufficient circumstantial evidence to find a causal connection [between her protected activity and her suspension and discharge]."  *See* Mem. Op. at 8, JA at 30.  This Court should vacate the District Court's order of dismissal and remand this action to the District Court with the directive that Hart's First Amended Complaint be filed.

#### F.     Argument

**Standard of Review**

The District Court correctly held that the applicable legal standard for consideration of Hart's motion for leave to file her First Amended Complaint is set forth in Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that courts "should freely give leave when justice so requires." Rule 15(a)(2), quoted in Mem. Op. at 4; JA at 26; *see also Mayfield v. NASCAR*, 674 F.3d 369, 379 (4th Cir. 2012). This Court reviews the District Court's denial of Hart's motion for leave to amend on an abuse of discretion standard. *See Mayfield v. NASCAR*, 674 F.3d 369, 380 (4th Cir. 2012).

The District Court's holding that the filing of Hart's First Amended Complaint would be futile because it failed to state a claim upon relief can be granted under Rule 12(b)(6) is a legal conclusion underlying the District Court's denial of Hart's motion for leave to amend and is subject to this Court's *de novo* review. *See Vitol v. Primerose Shipping Co.*, 708 F.3d 527, 541 (4th Cir. 2013).

> **1.    The District Court erred when holding that Hart's First Amended Complaint failed to state a claim for unlawful retaliatory discharge under the FLSA.**

The District Court's legal conclusion that Hart's First Amended Complaint failed to state a claim for unlawful retaliatory discharge in violation of § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3) is error. The District Court focused almost exclusively

- 7 -

on the seventeen months between the end of the Prior FLSA Lawsuit and Hart's suspension and failed to give proper consideration to the other evidence of unlawful retaliation set forth in the First Amended Complaint. This Court has stated that when the length of time between the protected activity and the adverse employment action is not sufficient to establish a *prima facie* case of retaliation, "other relevant evidence may be used to establish causation." *See Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007).

In its analysis of the fact that Hart was charged with the violation of a non-existent rule and the fact that other bus drivers who had not been leaders or ringleaders of the Prior FLSA Litigation suffered no discipline of any kind for the same conduct that caused Hart's suspension and discharge, the District Court stated without explanation that "[t]his however does not show a causal connection between Defendants' action and her protected activity." Mem. Op. at 8; JA at 30. Defendants' reliance on a non-existent rule and the difference in treatment between similarly situated employees, however, is evidence of a causal relationship between Hart's protected activity and Defendants' adverse employment action. Indeed, at this stage of the proceedings, with every fact alleged, and every reasonable inference from such facts, in Hart's First Amended Complaint necessarily accepted as true, there is only one plausible finding: Defendants unlawfully retaliated against Hart because of her protected activity. *See*, *e.g.*, *Spaulding v. Wells Fargo Bank*, *N.A.*, 714 F.3d 769, 776 (4th Cir. 2013).

- 8 -

**2.   The District Court erred when refusing to grant Hart leave to file her First Amended Complaint on the ground that the filing would be futile.**

Given that Hart's First Amended Complaint does state a claim upon which relief can be granted, the District Court erred in concluding that the filing of her First Amended Complaint would be futile.  Accordingly, the District Court erred when denying Hart leave to file her First Amended Complaint.

### G.   Conclusion

For the reasons stated in this Opening Brief, Hart asks that this Court vacate the order of the District Court, hold that Hart's First Amended Complaint states a claim upon which relief can be granted, and remand this action to the District Court for further proceedings, with the specific direction that Hart's Amended Complaint be deemed filed.

Hart also requests her costs on appeal and such other and further relief as is proper.

### H.   Request for Oral Argument

Hart requests oral argument because of her desire to articulate her bases for this appeal in the most effective manner.

Dated this 8th day of July, 2013.

> Respectfully submitted,
> BETTY W. HART, By Counsel.

/s/ David R. Simonsen, Jr.
David R. Simonsen, Jr., VSB No. 20078
8003 Franklin Farms Drive, Suite 131
Richmond, Virginia 23229-5107
(804) 285-1337
Email: DSimonsenJ@aol.com

*Counsel for Appellant*

- 9 -

## I.  CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
### Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains 2,133 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a mono-spaced typeface using Microsoft Word in 12 point Courier New.

/s/ David R. Simonsen, Jr.
David R. Simonsen, Jr.

*Counsel for Appellants*

Dated: July 8, 2013

## J. CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 8, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

| | |
|---|---|
| Yvonne S. Gibney<br>OFFICE OF THE COUNTY ATTORNEY<br>7516 County Complex Road<br>P. O. Box 470<br>Hanover, VA  23069<br>(804) 365-6035 | William W. Tunner<br>THOMPSON MCMULLAN PC<br>100 Shockoe Slip<br>Richmond, VA  23219<br>(804) 698-6205 |
| *Counsel for Appellees* | *Counsel for Appellees* |

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Melissa A. Dockery
Melissa A. Dockery
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA  23219