RECORD NO. 13-1642

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

BETTY W. HART,

Plaintiff-Appellant,

v.

HANOVER COUNTY SCHOOL BOARD, et al.,

Defendants-Appellees.

On Appeal from the United States District Court
for the Eastern District of Virginia
at Richmond
_____

**BRIEF OF APPELLEES HANOVER COUNTY SCHOOL BOARD
AND MICHAEL R. ASHBY, SR.**
_____

Yvonne S. Gibney
Senior Assistant County Attorney
OFFICE OF THE COUNTY ATTORNEY
Post Office Box 470
Hanover, Virginia 23069-0470
(804) 365-6035

William W. Tunner
THOMPSONMCMULLAN, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
(804) 698-6205

*Counsel for Appellees*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __13-1642__        Caption:  __Hart v. Hanover County School Board, et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Michael R. Ashby, Sr.__
(name of party/amicus)

_____

who is _____Appellee_____, makes the following disclosure:
        (appellant/appellee/amicus)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?                ☐ YES ☑ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                        ☐ YES ☑ NO
      If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: _____/s/_____    Date: _____May 16, 2013_____

Counsel for: _____Michael R. Ashby, Sr._____

## CERTIFICATE OF SERVICE
**************************

I certify that on _____May 16, 2013_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

/s/_____    _____May 16, 2013_____
(signature)                                                         (date)

07/19/2012                                    - 2 -
SCC

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

Table of Authorities ................................................................................ *iv*

Statement of the Case............................................................................... 2

Summary of Argument ............................................................................. 5

Argument.................................................................................................. 7

    I.    The District Court Correctly Determined That Hart's Proposed First Amended Complaint Failed to Assert Sufficient Additional Facts to Show a Causal Connection between Hart's Participation in the 2005 FLSA Litigation and Her Termination Nineteen Months Later.
    .................................................................................................. 7

    II.   Granting the Motion for Leave to Amend Would Have Been Futile Because the Proposed Amendments Do Not Remedy the Deficiencies of the Complaint to State a Claim of Retaliation ...............13

Conclusion.............................................................................................. 13

Request for Oral Argument ..................................................................... 14

Certificate of Compliance with Rule 32(A)

Certificate of Filing and Service

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................5–6, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)..............................................3, 5–8

*Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998).................................................12

*Clark County Sch. Dist. v. Breeden*, 532 U.S. 268 (2001) .......................................4

*Darveau v. Detecon, Inc.*, 515 F.3d 334 (4th Cir. 2008)..........................................7

*Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009) ................................................8

*Hart v. Hanover Cty. Sch. Bd.*, 495 Fed. Appx. 314 (4th Cir. 2012) ............2–3, 6–8

*Lettieri v. Equant, Inc.*, 478 F.3d 640 (4th Cir. 2007)...................................6, 10–11

*Pascual v. Lowe's Home Ctrs., Inc.*, 93 Fed. Appx. 229, 233 (4th Cir. 2006) .......12

*Shields v. Federal Express Corp.*, 120 F.3d 795, 803 (4th Cir. 1998)...................12

*Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769 (4th Cir. 2013)......................10

**RULES**

Fed. R. Civ. P. 15(a)..........................................................................................2, 6, 13

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

BETTY W. HART,                              )
                                           )
            Plaintiff-Appellee,            )
                                           )
v.                                         )        Record No. <u>13-1642</u>
                                           )
HANOVER COUNTY SCHOOL BOARD, *et al.*,     )
                                           )
            Defendants-Appellees.          )

## <u>BRIEF OF APPELLEES HANOVER COUNTY SCHOOL BOARD AND MICHAEL R. ASHBY, SR.</u>

Appellees Hanover County School Board ("School Board") and Michael R. Ashby, Sr. ("Ashby") (collectively, "Defendants") urge this Court to affirm the May 2, 2013 Final Order of the District Court, denying Hart's motion for leave to amend.

Appellant Betty W. Hart ("Hart") asserted in her Complaint that the Defendants terminated her employment as a bus driver in retaliation for her participation in litigation she and other bus drivers initiated against the School Board in 2005 for violations of the Fair Labor Standards Act ("FLSA"). On October 12, 2012, this Court held that the District Court correctly decided that the allegations of the Complaint failed to show a causal connection between Hart's participation in the 2005 FLSA litigation and her suspension seventeen months later and the subsequent termination of her employment. This action was remanded to the District Court,

however, to determine whether Hart "is entitled to amend her Complaint under Rule 15(a) [of the Federal Rules of Civil Procedure]." *Hart v. Hanover Cty. Sch. Bd.*, 495 Fed. Appx. 314, 316 (4th Cir. 2012). On remand, the District Court correctly denied Hart's motion for leave to amend her Complaint because her proposed amendments failed to cure the deficiencies of the Complaint as they included no additional facts to show causation and, therefore, amendment was futile. Accordingly, Hart's appeal from the District Court's order lacks merit.

In support of their position, Defendants correct and amplify Hart's Statement of the Case.

STATEMENT OF THE CASE

This case challenges the termination of a bus driver who failed to follow one of the School Board's transportation safety rules:the requirement that she check the school bus for sleeping children after each morning delivery, before driving away from the school—a procedure known as a "post-trip inspection." (Compl. ¶ 22; First Am. Compl. ¶¶ 24, 25; J.A. at 10, 18.) When Hart drove away from the school with a child on her bus on a mid-July morning in 2010 she compromised the safety of the child and her employment with the School Board.

In the Complaint, Hart characterized her violation of this rule as a "false and pretextual" reason given by the School Board for her termination, while the proposed First Amended Complaint states that the reason given was simply "false."

(Compl. ¶ 21; First Am. Compl. ¶ 22; J.A. at 10, 18.)  She claimed that the real motivation for her termination was her participation in a FLSA lawsuit with the School Board that had been settled and dismissed nineteen months earlier in February 2009.  (Compl. ¶¶ 16, 19; First Am. Compl. ¶¶ 17, 20; J.A. at 9–10, 17.)  Hart argued, too, that the recommendation by Ashby, her supervisor, for the School Board to terminate her employment was in retaliation for her involvement in the FLSA litigation.  (Compl. ¶ 18; First Am. Compl. ¶¶ 18–19; J.A. at 9, 17.)  Hart alleged no facts, however, to show a causal connection between her participation in that litigation and her suspension and termination.

The Defendants moved to dismiss the Complaint on the grounds that Hart had failed to state a claim of retaliation because her allegations of causation were insufficient.  (J.A. at 3, 23.)  Following briefing by the parties, the District Court granted the motion to dismiss on February 11, 2011.  (J.A. at 3.)  The Court concluded in its Memorandum Opinion that Hart's allegations of temporal proximity and pretext were insufficient to support a prima facie case of retaliation. (J.A. at 24–25.)

On October 12, 2013, this Court affirmed the District Court's decision to grant Defendant's motion to dismiss on the grounds that the Complaint "'fails to raise a right to relief above the speculative level.'"  *Hart*, 495 Fed. Appx. at 315 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Specifically,

following the guidance of *Clark County School District v. Breeden*, 532 U.S. 268 (2001), this Court affirmed the District Court's dismissal of the Complaint because it did not allege facts sufficient to establish a causal connection between Hart's participation in the 2005 FLSA suit and her termination from employment nineteen months after settlement of that suit. *Id.* This Court vacated, however, that portion of the District Court's decision that denied Hart's motions for reconsideration and to amend her Complaint. *Id.* at 316. The case was remanded on the grounds that the District Court did not properly analyze Hart's motion to amend her Complaint. *Id.*

The District Court ordered additional briefing on remand and in response Hart attached her proposed First Amended Complaint to the "Memorandum in Support of Filing of Plaintiff's First Amended Complaint." (J.A. at 13–22.) The new allegations allege that Hart was "a ringleader" in the 2005 FLSA litigation and that a "specific and contentious" issue was not resolved during that litigation. (First Am. Comp. ¶¶ 12, 13 and 17; J.A. at 15–17). The additions also allege dissimilar treatment of other bus drivers by the Defendants (First Am. Compl. ¶¶ 28–29; J.A. at 19), and state that the post-trip inspection policy was introduced after Hart's suspension. (First Am. Compl. ¶ 30; J.A. at 19.) The additions do not show a causal nexus between the protected activity and the adverse employment action Hart is challenging. Significantly, they allege no pattern of animus or

4

antagonism in the seventeen month period between the February 2009 settlement of the 2005 FLSA lawsuit and Hart's July 2010 suspension and subsequent termination.

Following consideration of the parties' briefs and the proposed First Amended Complaint, the District Court held that the amended pleading did not allege sufficient additional facts to establish a causal connection between Hart's participation in the 2005 FLSA litigation and her termination nineteen months later. (J.A. at 30.) Accordingly, the District Court denied Hart's motion to amend on the grounds that Hart's filing of her proposed First Amended Complaint would be futile. (J.A. at 31.) This appeal followed.


<u>SUMMARY OF ARGUMENT</u>

The District Court correctly denied Hart's motion for leave to amend on the grounds of futility. Following the Supreme Court's guidance in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the District Court concluded that Hart failed to allege a claim of retaliation against the School Board or Ashby in her proposed First Amended Complaint. The amended pleading fails to establish an essential element of a claim for retaliation: a prima facie showing that a causal connection exists between the plaintiff's protected conduct and the alleged act of retaliation. This Court has previously held that the

nineteen month lapse between Hart's alleged protected activity and her termination is too long to show causation through temporal proximity. Hart's proposed First Amended Complaint fails to allege sufficient additional facts establishing a causal connection between her protected activity and her termination from employment. The conclusory allegations in the proposed First Amended Complaint fail to state a claim that meets the pleading requirements of *Iqbal* and *Twombly*.

Although the absence of temporal proximity can be overcome by evidence of recurring retaliatory animus during the intervening period, as this Court recognized in *Lettieri v. Equant, Inc.*, 478 F.3d 640 (4th Cir. 2007), Hart's proposed amendments do not supply any allegations setting forth any evidence of retaliatory animus during the interval between Hart's protected activity and suspension.

In the absence of allegations that demonstrate causation, Hart's amended pleading fails to state a claim of retaliation. Her proposed amendments are, therefore, futile. Accordingly, they fail to meet the standard for granting motions for leave to amend under Rule 15(a). The District Court thus ruled correctly when it denied Hart's motion for leave to amend.

<u>ARGUMENT</u>

I.    The District Court Correctly Determined That Hart's Proposed First Amended Complaint Failed to Assert Sufficient Additional Facts to Show a Causal Connection between Hart's Participation in the 2005 FLSA Litigation and Her Termination Nineteen Months Later.

The proposed First Amended Complaint suffers from the same deficiencies that caused this Court to find the Complaint deficient.    The proposed First Amended Complaint fails to state a claim of retaliation because it alleges no facts that demonstrate causation.    For Hart's retaliation claim to succeed she must establish that: (1) she "engaged in an activity protected by the FLSA; (2) [she] suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action."  *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008).    This Court previously affirmed the District Court's dismissal of the Complaint because the interval between the alleged protected activity and adverse action is too long to show causation.  *Hart*, 495 Fed. Appx. at 315.    Hart's proposed amendments add nothing to establish the causal connection necessary to state a claim of retaliation.    As a result, the District Court properly denied Hart's motion to amend and to alter or amend the judgment.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Id.* at 555. A complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557). Hart's proposed First Amended Complaint is replete with allegations that are conclusory and "nothing more than the sort of unadorned allegations of wrongdoing to which *Twombly* and *Iqbal* are directed." *Francis v. Giacomelli*, 588 F.3d 186, 195–96 (4th Cir. 2009). Hart alleges, for example, that her suspension and termination were in retaliation for her participation in the 2005 FLSA litigation (First Am. Compl. ¶¶ 19–20; J.A. at 17) and that other bus drivers were not disciplined for not performing post-trip inspections because they had not engaged in protected activity (First Am. Compl. ¶ 29; J.A. at 19). Under the guidance of *Twombly* and *Iqbal*, these conclusory allegations cannot prop up her retaliation claim.

Hart's proposed First Amended Complaint fails to assert additional facts that "'raise the right to relief above the speculative level.'" *Hart*, 495 Fed. Appx. at 315 (quoting *Twombly*, 550 U.S. at 555). The proposed First Amended Complaint asserts the following additional facts: that Hart was a "ringleader" in the 2005 FLSA litigation (First Am. Compl. ¶¶ 12, 17; J.A. at 15, 17); that a "specific and

contentious" issue remained unresolved in that litigation[1] (First Am. Compl. ¶ 13; J.A. at 16); that other bus drivers failed to conduct post-trip inspections and received no disciplinary action (First Am. Compl. ¶¶ 28–29; J.A. at 19); and that the policy regarding "post-trip inspections" was added by the School Board only after Hart's suspension (First Am. Compl. ¶ 30; J.A. at 19.) These facts, taken in the light most favorable to Hart, establish no causal connection between the settlement of the 2005 FLSA litigation and her suspension seventeen months later and subsequent termination.

As discussed, *supra*, this Court previously affirmed the District Court's dismissal of the Complaint on the grounds that the nineteen month interval between Hart's participation in the prior FLSA litigation and her termination is too large to support an inference of causation founded upon temporal proximity. *Hart*, 495 Fed. Appx. at 315. As the District Court recognized, however, a plaintiff can overcome this shortcoming in her pleading with other relevant evidence of "recurring retaliatory animus during the intervening period." *Lettieri v. Equant,*

---

[1] Hart's oblique reference to an unresolved issue regarding compensable time under the FLSA is of no help in alleging a prima facie case of retaliation because she does not allege if or when this unresolved issue resulted in any retaliatory animus against her. Moreover, the allegation is conclusory at best given the fact that the parties entered into a settlement agreement dismissing the suit with prejudice in February 2009. *See* First Am. Comp. ¶ 17; J.A. at 17.

*Inc.*, 478 F.3d 640, 650 (4th Cir. 2007); *see* (J.A. at 28–29.)[2]    It correctly concluded, though, that Hart's proposed amendments did not provide evidence of this sort.    Although Hart argues that the District Court did not consider "other evidence of unlawful retaliation set forth in the First Amended Complaint" (Br. of App. at 8), the allegations to which she points do not suggest any retaliatory conduct by the Defendants in the seventeen months between the settlement of the 2005 FLSA litigation and Hart's suspension.

In *Lettieri*, this Court found evidence of continuing retaliatory conduct and animus after Lettieri's protected activity (her complaint to human resources of gender discrimination) and her termination seven months later.    It found relevant that after she lodged her complaint, but before her termination, Lettieri's supervisor "stripped [Lettieri] of significant job responsibilities," began discussions about firing her, and informed his superior "that he had big issues with [Lettieri]."    *Id.* at 651.    Though this Court acknowledged that the seven month interval between

---

[2] The second of the two cases cited in Hart's opening brief, *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769 (4th Cir. 2013), is of unclear application to the issues in Hart's appeal.    *Spaulding* involved an unsuccessful appeal of a District Court's dismissal of claims of contract breach, negligence, Maryland Consumer Protection Act violations, negligent misrepresentation and common law fraud against a mortgage lender.    *Id.* at 776.    Hart's brief suggests that *Spaulding* somehow supports the notion that the "one plausible finding" this Court can reach is that "Defendants unlawfully retaliated against Hart because of her protected activity."    Brief of Appellant at 8.    How *Spaulding* supports this assertion is not apparent from any part of that opinion.

10

Lettieri's protected activity and her termination was not close enough to establish causation, the Court nonetheless found that "[t]hese intervening events—which occurred regularly after Lettieri's complaint and can reasonably be viewed as exhibiting retaliatory animus on the part of [Lettieri's supervisors]—are sufficient to show a causal link between Lettieri's complaint and her termination." *Id.* at 651.

Hart, by contrast, has alleged no facts suggestive of any retaliatory animus in the seventeen months leading up to her suspension. Instead, the proposed First Amended Complaint shows that Hart was employed by Defendants without incident for seventeen months after the settlement of the FLSA litigation before being subject to disciplinary action for failing to conduct a post-trip inspection. (First Am. Compl. ¶¶ 17, 19.)

The additions on which Hart apparently relies to show the causation element of her retaliation claim simply do not establish a causal link. Hart asserts that the alleged policy regarding post-trip inspections was "non-existent" and that "similarly situated employees" were not subject to the same disciplinary action. (Br. of App. at 8.) The contention that Defendants disciplined Hart for conduct that was not a violation of an approved policy or that Defendants failed to suspend and/or terminate "similarly situated employees" does not show that the acts were in retaliation for Hart's involvement in the FLSA lawsuit seventeen months earlier. One cannot infer from these facts that there is a causal connection between her

11

protected activity and her suspension and termination, nor is there precedential support for such a proposition. This is particularly so in the absence of any allegations of retaliatory or antagonistic conduct toward Hart in the seventeen months preceding her suspension.

The amendments Hart included in the proposed First Amended Complaint fail to address the fundamental shortcoming of her retaliation claim: lack of causation. "A causal connection for purposes of demonstrating a prima facie case [of retaliation] exists where the employer takes adverse employment action against an employee shortly after learning of the protected activity." *Pascual v. Lowe's Home Ctrs., Inc.*, 193 Fed. Appx. 229, 233 (4th Cir. 2006) (finding that three to four months was too long to establish a causal connection); *see also Shields v. Federal Express Corp.*, 120 Fed. Appx. 956, 963 (4th Cir. 2005); *Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998) (finding that a thirteen-month interval between the filing of an EEO charge and termination was too long to show causation). Hart simply cannot overcome the fact that nineteen months elapsed between the dismissal of the 2005 lawsuit and her termination.

II.    Granting the Motion for Leave to Amend Would Have Been Futile
       Because the Proposed Amendments Do Not Remedy the Deficiencies
       of the Complaint to State a Claim of Retaliation

In the absence of any allegations that show causation, Hart has failed to state

a claim of retaliation in her proposed First Amended Complaint.  Because granting

Hart's proposed amendments would be futile, the District Court correctly held that

her motion for leave to amend fails under the Rule 15(a) standards.  *See Laber v.*

*Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (a motion to amend is to be denied, *inter*

*alia*, "when . . . the amendment would have been futile"); *see also Howard v.*

*Lakeshore Equip. Co.*, 482 Fed. Appx. 809, 811 (4th Cir. 2012) (affirming the

district court's denial of plaintiff's motion to amend on futility grounds because

plaintiff could not make a prima facie showing of race discrimination).

Accordingly, the District Court's denial of Hart's Motion for Leave to File

First Amended Complaint and Motion to Alter or Amend Judgment should be

affirmed.

<u>CONCLUSION</u>

For the foregoing reasons, this Court should affirm the District Court's

denial of the plaintiff's motion for leave to amend and to alter or amend the

judgment.

13

## REQUEST FOR ORAL ARGUMENT

Appellees Hanover County School Board and Michael R. Ashby respectfully

request that an oral argument be scheduled in this matter.

HANOVER COUNTY SCHOOL BOARD
AND MICHAEL R. ASHBY, SR.


By: _____/s/_____
                            Counsel



Yvonne S. Gibney
Senior Assistant County Attorney
OFFICE OF THE COUNTY ATTORNEY
Post Office Box 470
Hanover, Virginia 23069-0470
(804) 365-6035

William W. Tunner
THOMPSONMCMULLAN, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
(804) 698-6205

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(A)</u>

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,092 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word 2007 with Times New Roman 14 point font.

_____/s/_____
Yvonne S. Gibney
Attorney for Appellees

August 5, 2013

## CERTIFICATE OF FILING AND SERVICE

I certify that on the August 5, 2013, I electronically filed the foregoing Brief of Appellees Hanover County School Board and Michael R. Ashby, Sr. with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

> David R. Simonsen, Jr.
> 8003 Franklin Farms Drive, Suite 131
> Richmond, VA 23229-5107
>
> *Counsel for Appellant Betty W. Hart*

_____/s/_____
May Serafim
Lantagne Legal Printing
801 East Main Street
Richmond, Virginia 23219
may@lantagne.com